```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------x
FARMERS NEW CENTURY INSURANCE
COMPANY,
                                                                    REPORT AND
                           Plaintiff,                               RECOMMENDATION

       -against-                                                    18-CV-1965 (ADS)(SIL)

JOHN T. PERUGGIA, NANCY MONGIARDO,
JAMES REILLY, and TAMMY GOLDENER,

                           Defendants.
----------------------------------------------------------------x
```

**STEVEN I. LOCKE, United States Magistrate Judge:**

By way of Complaint dated April 2, 2018, Plaintiff Farmers New Century Insurance Company ("Plaintiff" or "Farmers") commenced this diversity action against Defendants John T. Peruggia ("Peruggia"), Nancy Mongiardo ("Mongiardo"), James Reilly ("Reilly"), and Tammy Goldener ("Goldener," together with Mongiardo, and Reilly, the "Appearing Defendants," and collectively with Peruggia, "Defendants"), seeking a declaratory judgment that Plaintiff is not to obligated to provide liability insurance to Defendants in connection with an underlying personal injury lawsuit captioned *Goldener v. Mongiardo, Reilly, and Peruggia*, Index No. 613157/2017 (N.Y. Sup. Ct.) (the "Underlying Lawsuit"). *See* Complaint ("Compl."), Docket Entry ("DE") [1]. Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Farmers' motion for a default

judgment against Peruggia. *See* DE [40].[1] For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion be denied without prejudice.

**I.     Background**

    **A.     <u>Relevant Facts</u>**

The following facts are taken from the Complaint and presumed true for the purpose of this motion.

The instant action involves an insurance coverage dispute stemming from Goldener's allegations in the Underlying Lawsuit that she was injured in a boating accident. *See generally* Compl. Specifically, Goldener claims that on October 5, 2017 she was a passenger on a boat owned by Peruggia (the "Peruggia Boat"), which "came in contact" with another vessel that was owned by Reilly and being operated by Mongiardo (the "Incident"). *See id.* ¶¶ 11-13. The Incident caused Goldener to sustain severe injuries. *See id.* ¶ 14.

Prior to the Incident, Farmers issued a homeowners insurance policy to Peruggia that was in effect from December 15, 2016 through December 15, 2017 (the "Insurance Policy"). *See id.* ¶ 15. The Insurance Policy included general coverage for personal liability and medical payments to others, which encompassed a duty to defend and indemnify Peruggia in suits brought against him because of bodily injury. *See id.* ¶¶ 16-17. Notwithstanding, the Insurance Policy excluded incidents arising out of the "ownership [or] … use … of an excluded watercraft" – defined as "[boats]

---

[1] Initially, the instant motion also sought summary judgment against the Appearing Defendants. *See* DE [40]. Through a series of stipulations and correspondence, however, Farmers resolved its dispute with those parties and only seeks to pursue its default judgment against Peruggia. *See* Section I(B), *infra*; *see also* DEs [41], [42], [45].

2

that are principally designed to be propelled by engine power or electric motor, or are sailing vessels … owned by … an 'insured'" (the "Watercraft Exclusion"). *See id.* ¶ 18.[2]

On or about December 5, 2017, Farmers first learned of the Incident when a claim was submitted to it by Goldener's attorney. *See id.* ¶ 19. Upon receiving notice, Farmers investigated the Incident and determined that it occurred on August 5, 2017 (*i.e.*, two months earlier than Goldener alleged but still while the Insurance Policy was in effect). *See id.* ¶¶ 20, 22. According to Farmers, its due diligence further revealed that the Peruggia Boat was not covered under the Insurance Policy because of the Watercraft Exclusion. Thus, on December 13, 2017, Plaintiff disclaimed coverage for the Incident, but agreed to defend Peruggia in the Underlying Lawsuit at a courtesy. *See id.* ¶¶ 27, 28.

### B. Relevant Procedural History

Based on the foregoing, Farmers commenced this action on April 2, 2018 on the basis of diversity jurisdiction. *See* DE [1].[3] In its Complaint, Plaintiff asserts two causes of action, both seeking a declaratory judgment that it does not have to defend or indemnify Peruggia with respect to claims asserted against him in the Underlying Lawsuit because: (i) the Incident is not covered by virtue of the Watercraft Exclusion;

---

[2] The Watercraft Exclusion included several exceptions, none of which rendered the Perguggia Boat covered. *See* Compl. ¶¶ 18, 34.

[3] Farmers alleges that complete diversity of citizenship exists because it is an Illinois company with its principal place of business therein, whereas Defendants are each residents of New York. *See* Compl. ¶¶ 2-7.

3

and (ii) Peruggia failed to give Farmers written notice of the Incident "as soon as [was] practical," as required by the Insurance Policy. *See* Compl. ¶¶ 30-44.[4] In addition, Plaintiff seeks: (i) a declaration that it may withdraw from Peruggia's defense in the Underlying Lawsuit; and (ii) to be reimbursed for defense costs and indemnification expenses associated therewith. *See id.*, Wherefore Clauses 3-4.

Farmers served the Summons and Complaint on Peruggia and Goldener on April 9, 2018, and on Reilly and Mongiardo the next day. *See* DEs [12] – [15]. On April 23, 2018, Goldener filed her Answer, which asserted a scant counterclaim against Farmers, seeking attorneys' fees and costs incurred in connection with the instant action because Plaintiff "placed [Goldener] in a defensive posture." *See* DE [17].[5] On May 23, 2018, Mongiardo and Reilly filed their Answer through shared counsel. *See* DE [21]. Peruggia, however, failed to respond to the Complaint or otherwise appear, and, as such, the Clerk of the Court noted his default on June 4, 2018. *See* DE [24]. Thereafter, discovery commenced, and was completed on January 28, 2019. *See* DEs [25], [35].

On January 24, 2019, Farmers wrote the Court indicating its intent to move for a default judgment against Peruggia and summary judgment against the Appearing Defendants. *See* DE [34]. Plaintiff claimed that the Appearing

---

[4] It is unclear from the Complaint whether Mongiardo or Reilly ever asserted claims against Peruggia in the Underlying Lawsuit, or if they otherwise sought coverage under the Insurance Policy. The Complaint does, however, seek a declaration that Farmers "has no obligation to defend or indemnify … Peruggia, *or any other party* in connection with the claims made by … Goldener in the Underlying [Lawsuit]. *See* Compl., Wherefore Clauses, 2 (emphasis added).

[5] Goldener's counterclaim was dismissed with prejudice by Stipulation and Order on January 30, 2019. *See* DEs [36], [37].

4

Defendants did not dispute any material facts such that it believed both motions would be unopposed.[6] Notwithstanding, Farmers asserts that it requires a court order before withdrawing the "courtesy defense" provided to Peruggia. *See id*. The motion was fully briefed without opposition on April 15, 2019. *See* DE [40]. Therein, Farmers argues that the Incident and Underlying Lawsuit are excluded from coverage under the Insurance Policy as a matter of Law. *See generally* Memorandum of Law in Support of Plaintiff's Motion for Default and Summary Judgment ("Pltf.'s Mem."), DE [40-19]. Judge Spatt subsequently referred the motion to this Court for Report and Recommendation. *See* DE [44].

Immediately after filing its motion, Farmers wrote to Judge Spatt, on behalf of itself and Goldener, requesting that he "So Order" a stipulation whereby Goldener consented to summary judgment awarding the relief sought as against her. *See* DE [41]. Mongiardo and Reilly refused to sign that agreement, despite earlier representations that they would. *See id*. Judge Spatt declined to endorse the document because it was not signed by all parties who would be affected by it. *See* April 18, 2019 Electronic Order. Farmers and Goldener promptly filed a revised stipulation, representing that the updated document only affected those two parties. *See* DE [42]; *see also* DE [42-1] (the "Goldener Stipulation"). On April 24, 2019, Plaintiff wrote the Court once more, enclosing a third stipulation, indicating Mongiardo's and Reilly's agreement not to seek coverage under the Insurance Policy

---

[6] Judge Spatt's Individual Rules require the parties to exchange Local Rule 56.1 statements prior to commencing summary judgment motion practice. *See* Individual Practices of Judge Arthur D. Spatt, Rule 4(D).

5

in connection with the Incident or Underlying Lawsuit. *See* DE [45]; *see also* DE [45-1] (the "Mongiardo Stipulation"). Thus, Farmers sought to withdraw its summary judgment motion against Mongiardo and Reilly such that its motion only "remains pending for default judgment against … Peruggia," in light of the various stipulations with the Appearing Defendants. *See id.*; *see also* DE [42]; Goldener Stipulation. On May 3, 2019, Judge Spatt SO ORDERED the Mongiardo Stipulation, and terminated Mongiardo and Reilly from the action. *See* DE [46]. Goldener, however, still technically remains a party to this action.[7]

## II. Discussion

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure, which provides for a two-step process. *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011). Initially, the moving party must obtain a certificate of default from the Clerk of the Court. *See* Fed. R. Civ. P. 55(a). Once the certificate of default is issued, the moving party may apply for entry of a default judgment. *See* Fed. R. Civ. P. 55(b). However, "[it] is well established that a party is not entitled to default judgment as a matter of right; rather the entry of a default judgment is entrusted to the sound discretion of the court." *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (internal quotation and citation omitted). In this regard, "the Court must ensure that (1) Plaintiff took all the required procedural steps in moving for default

---

[7] Accordingly, Farmers and Goldener are directed to take the necessary steps to effectuate Goldener's dismissal from this action. *See* Section III, *infra*.

6

judgment pursuant to Local Civ. R. 55.2(c); and (2) Plaintiff's allegations, when accepted as true, establish liability as a matter of law." *SAC Fund II 0826, LLC v. Burnell's Enterprises, Inc.*, 18-cv-3504, 2019 WL 5694078, at *4 (E.D.N.Y. Sept. 7, 2019), r*eport and recommendation adopted*, 2019 WL 5956526 (E.D.N.Y. Nov. 13, 2019) (citing *Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009)); *see also Bhagwat v. Queens Carpet Mall, Inc.*, 14-cv-5474, 2017 WL 9989598, at *1 (E.D.N.Y. Nov. 21, 2017) ("A motion for default judgment will not be granted unless the party making to motion adheres to all of the applicable procedural rules"). In addition to following the Federal Rules of Civil Procedure, the moving party must ensure that the "motion adheres to certain local and individual rules." *See Bhagwat v. Queens Carpet Mall, Inc.*, 14-cv-5474, 2015 WL 13738456, at *1 (E.D.N.Y. Nov. 24, 2015) ("*Bhagwat II*").

Rule 55.2(c) of the Local Rules of the United States District Courts for the Southern and Eastern District of New York require that "all papers submitted to the Court" in connection with a default judgment motion "shall simultaneously be mailed to the party against whom a default judgment is sought at the last known residence of such party (if an individual)." Local Civ. R. 55.2(c). In addition, "[p]roof of such mailing shall be filed with the Court." *Id*. "Service of the motion on non-appearing defendants is of particular importance, because mailing notice of such an application is conducive to both fairness and efficiency." *Allstate Ins. Co. v. Abramov*, 16-cv-1465, 2019 WL 1177854, at *3 (E.D.N.Y. Feb. 21, 2019), *report and recommendation adopted*, 2019 WL 1172381 (E.D.N.Y. Mar. 13, 2019) (internal brackets, quotation, and citations omitted); *see also Miss Jones, LLC v. Viera*, 18-cv-1398, 2019 WL

7

926670, at *4 (E.D.N.Y. Feb. 5, 2019), *report and recommendation adopted*, 2019 WL 955279 (E.D.N.Y. Feb. 26, 2019) ("It is important that individuals be given notice that a party is asking the Court to enter a default judgment against them. The Eastern District has determined that the best way to ensure such notice is provided is to require that a motion be served on the individual's residence").

To that end, "failure to comply with Local Rule 55.2(c) warrants denial of the motion for default judgment." *Allstate Ins. Co.*, 16-cv-1465, 2019 WL 1177854, at *3 (citing *Lin v. Quality Woods, Inc.*, No. 17-cv-3043, 2019 U.S. Dist. LEXIS 14239 (E.D.N.Y. Jan. 28, 2019) (report and recommendation)). Indeed, courts in the Eastern and Southern Districts regularly deny such motions when strict procedural compliance is lacking. *See, e.g.*, *Vasquez v. Lahori Kebab & Grill Corp.*, 18-cv-2117, 2019 WL 4396724, at *3 (E.D.N.Y. Aug. 13, 2019), *report and recommendation adopted*, 2019 WL 4620922 (E.D.N.Y. Sept. 5, 2019) (Denying motion for default judgment as to the defendants that were not listed on the declaration of service); *Saheed v. Parker*, 17-cv-6151, 2019 WL 1324026, at *3 (S.D.N.Y. Mar. 25, 2019) (Denying motion for default judgment where "the docket [did not] reflect an affidavit of service demonstrating that Plaintiff's motion and supporting papers were mailed to Defendant"); *Allstate Ins. Co.*, 2019 WL 1177854, at *5 (Denying motion for default judgment in its entirety where ten of the 25 defaulting defendants were improperly served with the motion); *Bhagwat II*, 2015 WL 13738456, at *1 (Denying motion for default judgment, *inter alia*, because "Plaintiffs have failed to include … proof of mailing that [the] motion was served upon defaultees' last known mailing address").

8

Applying these standards, Plaintiff's motion is procedurally defective pursuant to Local Rule 55.2(c). Specifically, Farmers has not demonstrated that the instant motion was mailed to Peruggia at his last known address. Indeed, the filing is devoid of a certificate of service, or any other form of proof, establishing that the papers were served. Instead, Farmers argues that default judgment against Peruggia is proper because he: (i) was properly served with the Summons and Complaint; (ii) failed to appear in the action; (iii) had his default noted by the Clerk of the Court; and (iv) is deemed to have admitted the allegations of the Complaint, which establish liability as a matter of law. *See* Declaration of John R. Ewell, Esq. in Support of Motion for Default and Summary Judgment ("Ewell Decl."), DE [40-3], ¶¶ 14-19. This contention misses the mark as it omits any reference to procedural compliance with respect to the motion itself.[8] Accordingly, Farmers has failed to follow Local Rule 55.2(c), and the Court respectfully recommends denying its motion for default judgment on that ground.

## III. Conclusion

For the reasons set forth above, the Court respectfully recommends that Plaintiff's motion for default judgment against Peruggia be denied without prejudice, and with leave to renew upon curing the deficiencies detailed herein. Any re-filed motion should omit reference to mooted issues concerning summary judgment.

---

[8] The only suggestion that the papers might have been served on Peruggia is a single reference to his name and an address on the Notice of Motion. *See* DE [40] at 2. Insofar as Farmers implicitly argues that this notation renders the motion procedurally compliant, the Court disagrees. Initially, there is no representation that the address listed is Peruggia's last known residence. Moreover, assuming *arguendo* that the address listed was proper, there is no proof establishing that any of the relevant motion papers were actually mailed to Peruggia at that location.

Further, Farmers and Goldener are directed to take the necessary steps to effectuate Goldener's agreed-upon dismissal from this action.

### IV. Objections

A copy of this Report and Recommendation is being served on Plaintiff and the Appearing Defendants by electronic filing on the date below. Farmers is directed to serve a copy of this Report and Recommendation on Peruggia and promptly file proof of service by ECF. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within 14 days of receipt of this report. Failure to file objections within the specified time waives the right to appeal the District Court's order. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a); *Ferrer v. Woliver*, 05-cv-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         November 21, 2019         /s/ Steven I. Locke
                                   STEVEN I. LOCKE
                                   United States Magistrate Judge