UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------x
FARMERS NEW CENTURY INSURANCE
COMPANY,

                         Plaintiff,

    -against-

JOHN T. PERUGGIA,

                         Defendant.
-------------------------------------------------------------------x

**REPORT AND RECOMMENDATION**
18-cv-1965 (ADS)(SIL)

**STEVEN I. LOCKE, United States Magistrate Judge:**

       Presently before the Court, on referral from the Honorable Arthur D. Spatt for Report and Recommendation, is Plaintiff Farmers New Century Insurance Company's ("Plaintiff" or "Farmers") Motion for Default Judgment. *See* Docket Entry ("DE") [54]. Plaintiff commenced this diversity action against Defendant John T. Peruggia ("Defendant" or "Peruggia") and three other Defendants, Nancy Mongiardo, James Reilly, and Tammy Goldener, who have since been terminated from the case, seeking a declaratory judgment that Farmers is not to obligated to provide liability insurance to Defendant in connection with an underlying personal injury lawsuit captioned *Goldener v. Mongiardo, Reilly, and Peruggia*, Index No. 613157/2017 (N.Y. Sup. Ct.) (the "Underlying Lawsuit"). *See* Complaint ("Compl."), DE [1]. For the reasons set forth below, the Court respectfully recommends that Plaintiff's motion be granted in part and denied in part.

## I. BACKGROUND

The following facts are taken from the Complaint and presumed true for the purpose of this motion.

The instant action involves an insurance coverage dispute stemming from Goldener's allegations in the Underlying Lawsuit that she was injured in a boating accident. *See generally* Compl. Specifically, Goldener claims that on October 5, 2017 she was a passenger on a boat owned by Peruggia (the "Peruggia Boat"), which "came in contact" with another vessel that was owned by Reilly and being operated by Mongiardo (the "Incident"). *See id*. ¶¶ 11-13. The Incident caused Goldener to sustain severe injuries. *See id*. ¶ 14.

Prior to the Incident, Farmers issued a homeowners insurance policy to Peruggia that was in effect from December 15, 2016 through December 15, 2017 (the "Insurance Policy"). *See id*. ¶ 15. The Insurance Policy included general coverage for personal liability and medical payments to others, which encompassed a duty to defend and indemnify Peruggia in suits brought against him based on a bodily injury. *See id*. ¶¶ 16-17. Notwithstanding the foregoing, the Insurance Policy excluded incidents arising out of the ownership or use of an "excluded watercraft," which included motorized or sailing boats owned by the insured. (The "Watercraft Exclusion"). *See id*. ¶ 18.[1]

On or about December 5, 2017, Farmers first learned of the Incident when a claim was submitted by Goldener's attorney. *See id*. ¶ 19. Upon receiving notice,

---

[1] The Watercraft Exclusion included several exceptions, none of which are applicable here. *See* Compl. ¶¶ 18, 34.

2

Farmers investigated the Incident and determined that it occurred on August 5, 2017 (*i.e.*, two months earlier than Goldener alleged but still while the Insurance Policy was in effect). *See id.* ¶¶ 20, 22. According to Farmers, its due diligence further revealed that the Peruggia Boat was not covered under the Insurance Policy because of the Watercraft Exclusion. Thus, on December 13, 2017, Plaintiff disclaimed coverage for the Incident, but agreed to defend Peruggia in the Underlying Lawsuit as a courtesy. *See id.* ¶¶ 27, 28.

Based on the foregoing, Farmers commenced this action on April 2, 2018 on the basis of diversity jurisdiction. *See* Compl., DE [1]. In its Complaint, Plaintiff asserts two causes of action, both seeking a declaratory judgment that it does not have to defend or indemnify Peruggia with respect to claims asserted against him in the Underlying Lawsuit because: (i) the Incident is not covered by virtue of the Watercraft Exclusion; and (ii) Peruggia failed to give Farmers written notice of the Incident "as soon as [was] practical," as required by the Insurance Policy. *See* Compl. ¶¶ 30-44. In addition, Plaintiff seeks: (i) a declaration that it may withdraw from Peruggia's defense in the Underlying Lawsuit; and (ii) to be reimbursed for defense costs and indemnification expenses associated therewith. *See id.*, Wherefore Clauses 3-4.

Farmers served the Summons and Complaint on Peruggia, Nancy Mongiardo, James Reilly, and Tammy Goldener on April 9, 2018. *See* DEs [12]-[15]. Peruggia failed to respond to the Complaint or otherwise appear, and, as such, the Clerk of the Court noted his default from the Underlying Lawsuit on June 4, 2018. *See* DE [24].

Mongiardo and Reilly were terminated on May 3, 2019, and Goldener was similarly terminated on December 3, 2019.  *See* DEs [46], [53].  On December 4, 2019, Farmers moved for default judgment against Peruggia.  *See* DE [54].

## II. DEFAULT JUDGMENT STANDARD

Motions for default judgment are governed by Rule 55 of the Federal Rules of Civil Procedure ("Fed. R. Civ. P."), which provides for a two-step process.  *See* Fed. R. Civ. P. 55; *Priestley v. Headminder, Inc.*, 647 F.3d 497, 504-05 (2d Cir. 2011).  Initially, the moving party must obtain a certificate of default from the Clerk of the Court.  Fed. R. Civ. P. 55(a).  Once the certificate of default is issued, the moving party may apply for entry of a default judgment.  *Id.* at 55(b).  Where a default occurs, the well-pleaded factual allegations set forth in a complaint relating to liability are deemed true.  *Vermont Teddy Bear Co. v. 1-800 Beargram Co.*, 373 F.3d 241, 246 (2d Cir. 2004); *see also* Fed. R. Civ. P. 8(b)(6) ("An allegation—other than one relating to the amount of damages—is admitted if a responsive pleading is required and the allegation is not denied.").  However, the entry of a default judgment is "entrusted to the sound judicial discretion of the court[,]" and a party is not entitled to a default judgment as a matter of right.  *Allstate Ins. Co. v. Howell*, No. 09-cv-4660, 2013 WL 5447152, at *1 (E.D.N.Y. Sept. 30, 2013) (citation omitted).

A plaintiff seeking a default judgment must demonstrate that its "uncontroverted allegations, without more, establish the defendant's liability on each asserted cause of action." *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83 (E.D.N.Y. 2012) (citations omitted).  In determining whether to grant a motion for

4

default judgment, the court has the "responsibility to ensure that the factual allegations, accepted as true, provide a proper basis for liability and relief." *Ferrera v. Tire Shop Ctr.*, No. 14-cv-4657, 2015 WL 3562624, at *2 (E.D.N.Y. Apr. 6, 2015), *report and recommendation adopted*, 2015 WL 3604078 (E.D.N.Y. June 5, 2015) (internal quotation marks and citation omitted). Accordingly, prior to entering a default judgment, the court must determine whether the plaintiff's allegations establish the defendant's liability "as a matter of law." *Bricklayers & Allied Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC*, 779 F.3d 182, 187 (2d Cir. 2015) (citation omitted). This determination must satisfy three factors: "(1) whether the defendant's default was willful; (2) whether the defendant has a meritorious defense to plaintiff's claims; and (3) the level of prejudice the non-defaulting party would suffer as a result of the denial of the motion for default judgment." *Mason Tenders Dist. Council v. Duce Constr. Corp.*, No. 02-CV-9044, 2003 WL 1960584, at *2 (S.D.N.Y. Apr. 25, 2003); *see Enron Oil Corp. v. Diakuhara*; 10 F.3d 90, 96 (2d Cir. 1993).

Courts in the Second Circuit have "cautioned that a default judgment is an extreme remedy that should only be granted as a last resort." *Bravado Int'l Grp. Merch. Servs., Inc. v. Ninna, Inc.*, 655 F. Supp. 2d 177, 186 (E.D.N.Y. 2009) (citing *Meehan v. Snow*, 652 F.2d 274, 277 (2d Cir. 1981)). Thus, "the dispositions of motions for entries of defaults and default judgments . . . are left to the sound discretion of a district court because it is in the best position to assess the individual circumstances

5

of a given case and to evaluate the credibility and good faith of the parties." *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 95 (2d Cir. 1993).

## III. DISCUSSION

Plaintiff seeks a declaratory judgment that the Incident is not covered under the Insurance Policy, and even if it were, Farmers has no further obligation because of Peruggia's late notice. As a result, Plaintiff seeks a declaration that it may withdraw representation from the Underlying Lawsuit and be reimbursed for its costs and expenses. Farmers argues that a default judgment is proper because Defendant: (i) was properly served with the Summons and Complaint; (ii) failed to appear in the action; (iii) had his default noted by the Clerk of the Court; and (iv) is deemed to have admitted the allegations of the Complaint, which establish liability as a matter of law. *See* Declaration of John R. Ewell, Esq. in Support of Motion for Default ("Ewell Decl."), DE [54-7], ¶¶ 16-19. The evidence demonstrates that there is no coverage under the Plaintiff's policy, and even if there were, Peruggia's failure to comply with notice provisions would exclude coverage. *See* Memorandum of Law in Support of Plaintiff's Motion for Default Judgment ("Memo of Law"), DE [54-12], at 3.

Initially, the failure of Defendant to respond to the Complaint demonstrates that the default was willful. *See, e.g., Allstate Ins. Co. v. Abramov*, No. 16-cv-1465, 2020 WL 1172697, at *4 (E.D.N.Y. Feb. 21, 2020). There was sufficient notice of the litigation because Peruggia was properly served with a summons and the Complaint. *See* Summons Issued to John T. Peruggia, DE [10]. The motion for default judgment

6

was served *via* mail in accordance with Local Rule 55.2.  *See* Certificate of Service, DE [56].

Further, "the Court is unable to determine whether . . . Defendant[] ha[s] a meritorious defense to Plaintiff's allegations because [he has] presented no such defense to the Court."  *Allstate*, 2020 WL 1172697, at *5 (quoting *Indymac Bank, F.S.B. v. Nat'l Settlement Agency, Inc.*, 2007 WL 4468652, at *1 (S.D.N.Y. Dec. 20, 2007)).

Finally, Plaintiff would be prejudiced if the motion for default is denied.  "[T]here are no additional steps available to secure relief in this Court."  *Allstate*, 2020 WL 1172697, at *5; *see Sola Franchise Corp. v. Solo Salon Studios, Inc.*, 2015 WL 1299259, at *15 ("Without the entry of a default judgment, Plaintiffs would be unable to recover for the claims adequately set forth in the Complaint.").  All three factors weigh in favor of an entry of default judgment against Peruggia.

## A. Liability

Having established that a default judgment may be appropriate, the Court must determine whether the facts alleged in the Complaint are sufficient to establish liability.  *See Au Bon Pain Corp. v. Artect, Inc.*, 653 F.2d 61, 65 (2d Cir. 1981); *Gov't Emps. Ins. Co. v. Spectrum Neurology Grp., LLC*, No. 14-cv-5277, 2016 WL 11395017, at *2 (E.D.N.Y. Feb. 17, 2016).

The Insurance Policy issued to Defendant contains a Watercraft Exclusion.  This exclusion states that any claim involving "bodily injury" arising out of the ownership, maintenance, use, loading or unloading of an "excluded watercraft" is

7

excluded from coverage.  *See* Exhibit A – Policy, DE [54-4].  An "excluded watercraft" is one that is "principally designed to be propelled by engine power . . . owned by . . . an 'insured.'"  *See id*.  The sworn declaration of Officer Justin Dzakonski, the police officer who investigated the boating accident at issue, established that the Peruggia Boat was propelled by engine power.  *See* Declaration of Officer Justin Dzakonski, DE [54-1].  Courts have routinely upheld the application of watercraft exclusions in cases where it "clearly and unambiguously excludes coverage."  *Nautilus Ins. Co. v. 93 Lounge, Inc.*, No. 14-cv-1029, 2017 WL 1207528, at *7 (E.D.N.Y. Mar. 31, 2017); *see generally Allstate Vehicle & Property Ins. Co. v. Scott*, No. 18-cv-1461, 2020 WL 1557395, at *4 (N.D.N.Y. Mar. 31, 2020).  Defendant's insurance claim arises from the use and operation of the boat, an excluded watercraft, and is therefore not entitled to coverage under the Insurance Policy.

### B. Remedies

Having established that Farmers is not obligated to provide coverage, Plaintiff is entitled to relief, and the Court must address the appropriate remedy.  "[A]n insurer has no duty to indemnify its insured if the insurer can demonstrate 'as a matter of law that there is no possible factual or legal basis on which it might be obligated to indemnify its uninsured under any policy provision.'"  *First Specialty Ins. Corp. v. Diontech Consulting, Inc.*, No. 10-cv-2559, 2012 WL 748619, at *3 (E.D.N.Y. Mar. 7, 2012) (quoting *Allstate Ins. Co. v. Zuk*, 78 N.Y.2d 41, 45 (2d. Cir. 1995)).  Because the Watercraft Exclusion applies to bar coverage, Farmers is entitled to declaratory judgment that: (1) it is under no obligation to defend or indemnify

Defendant in connection with the claims made by Goldener in the Underlying Action, and (2) it may withdraw from the defense of Peruggia in the Underlying Action.

Plaintiff also requests an order that Defendant is required to reimburse Farmers for any and all defense costs and indemnification expenses it incurs or may incur as a result of the claims made against him in the Underlying Action. However, there is nothing in Plaintiff's motion papers to support this request. Without appropriate evidence, the Court cannot recommend an order for Peruggia to reimburse Farmers' costs and expenses. This recommendation is without prejudice to renew this request with proper supporting evidence.

## IV. CONCLUSION

For the reasons set forth herein, the Court respectfully recommends that Plaintiff's motion for default judgment be granted in part and denied in part and a declaratory judgment be entered that Farmers may withdraw from Peruggia's defense in the Underlying Lawsuit. The Court respectfully recommends that Plaintiff's request to be reimbursed for defense costs and indemnification expenses associated therewith be denied without prejudice.

## V. OBJECTIONS

A copy of this Report and Recommendation is being served on Plaintiff by electronic filing on the date below. Plaintiff is directed to serve a copy of it on Defendant via first-class mail and file proof of service by ECF within three days of the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court within fourteen days. *See* 28 U.S.C. §636(b)(1); Fed. R. Civ. P. 72; Fed. R. Civ. P. 6(a) and 6(d). Failure to file objections within this period

9

waives the right to appeal the District Court's Order.  *See Ferrer v. Woliver*, No. 05-3696, 2008 WL 4951035, at *2 (2d Cir. Nov. 20, 2008); *Beverly v. Walker*, 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank*, 84 F.3d 52, 60 (2d Cir. 1996).

Dated:   Central Islip, New York
         June 22, 2020

/s/ Steven I. Locke
STEVEN I. LOCKE
United States Magistrate Judge

10